UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR WOODS, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>WELLS FARGO FINANCIAL BANK, a South Dakota State Chartered Bank, and LLOYD & McDANIEL, the Creditors Law Firm,<br>　　　　Defendants. | 1:10-cv-219-RLY-TAB |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS COMPLAINT AS TO DEFENDANT LLOYD & McDANIEL AND PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEMAND FOR JURY TRIAL**

On February 22, 2010, Plaintiff, Victor Woods ("Plaintiff"), filed a Complaint against Defendants, Wells Fargo Financial Bank ("Wells Fargo") and Lloyd & McDaniel ("L&M"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*., ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*., ("FCRA"). Plaintiff also asserts common law claims of breach of contract, breach of the covenant of good faith, and negligence. On April 19, 2010, L&M filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to allege any wrongdoing on the part of L&M or to request any relief from L&M. In his Response, Plaintiff moves for leave to amend his Complaint. For the reasons set forth below, Defendant's motion is **GRANTED with PREJUDICE** as to Plaintiff's FDCPA claim,

1

and **GRANTED without PREJUDICE** as to Plaintiff's FCRA and common law claims.

I.   Background

At all times relevant to this action, Plaintiff was the pastor at New Unity Missionary Baptist Church ("New Unity") in Indianapolis, Indiana. (Complaint ¶ 5). On October 5, 2006, Plaintiff contracted with Wells Fargo as the principal party for a $2,500 loan on behalf of a church member, Tehrena Peoples ("Peoples"), who co-signed the loan and was responsible for its repayment. (Complaint ¶ 8; Defendant's Ex. A, at 1-2). Sometime before January 31, 2007, Peoples stopped attending New Unity and has had no contact with Plaintiff since that time. (Complaint ¶ 9).

On January 31, 2007, Peoples obtained from Wells Fargo an additional $2,500 loan, which was neither signed for nor authorized by Plaintiff. (*Id.* ¶ 10). Plaintiff had no knowledge of the additional loan and received no communication from Wells Fargo or Peoples regarding this loan until a representative from Wells Fargo called Plaintiff on February 2, 2007, and informed him of late payments and the additional loan. (*Id.* ¶¶ 10-11). Wells Fargo had no further contact with Plaintiff. (*Id.* ¶ 11).

In a letter sent to New Unity and dated January 8, 2009, Wells Fargo's law firm, L&M, informed the church of a court order and garnishment being sought against Plaintiff for $8,887.50 he owed Wells Fargo, referencing legal proceedings filed in Marion Superior Court. (*Id.* ¶ 12). Attached was an Order to Answer Interrogatories/Notice of Hearing and Interrogatories ("Order to Answer Interrogatories"), filed on January 30, 2009, ordering New Unity to answer the

interrogatories within thirty days. (Complaint ¶ 12; Defendant's Ex. C, at 2). Plaintiff then called L&M and spoke with Julie Bailey, who informed him that he was responsible for the loan and that there was a hearing in April. (Complaint ¶ 13). L&M sent another letter to New Unity dated May 19, 2009, seeking a garnishment of $9,126.94, with the same Order to Answer Interrogatories and notice of hearing attached. (*Id.* ¶ 14).

Before receiving the letters from L&M dated January 8, 2009, and May 19, 2009, Plaintiff did not receive any notices of court proceedings against him, demands for payment, documentation informing him of the amount of debt sought, notice of the intent to refer his debt to a collection agency, notice of any intent to seek legal action against him, or notice of any court proceedings filed against him by Wells Fargo or L&M. (*Id.* ¶¶ 15-16). Additionally, L&M and Wells Fargo reported negative information to a credit reporting agency, causing Plaintiff's credit rating to decline. (*Id.* ¶ 17). Due to his poor credit, Plaintiff was denied a loan to purchase a vehicle in October 2009. (*Id.*)

On February 22, 2010, Plaintiff filed a Complaint in the instant case, alleging claims solely against Wells Fargo under the FDCPA, FCRA, and common law breach of contract, breach of the covenant of good faith, and negligence. (*Id.* ¶¶ 18-37). The Complaint also prays for relief solely from Wells Fargo. (*Id.* 7-8). L&M filed a Motion to Dismiss, claiming that Plaintiff "fails to allege any wrongdoing on its part or to request any relief from L&M." (Defendant's Motion to Dismiss ("Motion") 1). L&M also alleges that the FDCPA claim was filed outside the one-year statute of limitations. (Defendant's Reply ("Reply") 1). Plaintiff moves for leave to amend his Complaint.

3

(Plaintiff's Response ("Response") 3).

## II.     Extrinsic Materials

As an initial matter, L&M submits several exhibits for the court to consider, some of which refer to facts and evidence outside the pleadings. Documents that are referred to in a complaint, authentic, and central to a plaintiff's claim can be considered in a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)). Additionally, the district court may take judicial notice of matters of public record, including public court documents filed in state court, without converting a 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Services, et. al.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). Here, L&M attached six documents to its Motion to Dismiss for the court to consider. (Defendant's Exs. A-F). The court may consider the initial loan agreement (Defendant's Ex. A at 1-2), because it is mentioned in Plaintiff's Complaint (Complaint ¶ 8), as well as L&M's Exhibits B-F, because they are public court records. *See Henson*, 29 F.3d, at 284.

## III.    Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health*

*Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). The language of Rule 12(b)(6) "impose[s] two easy-to-clear hurdles. First, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, plaintiff pleads itself out of court." *Id.* (citations omitted). If the court cannot infer more than the mere possibility of misconduct from the well-pleaded facts, the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citing Fed. R. Civ. Pro. 8(2)). In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). Accordingly, the facts outlined above are accepted as Plaintiff alleges them.

## IV. Discussion

### A. FDCPA Claim

In his Response to L&M's Motion to Dismiss, Plaintiff, without any further support, contends that the statute of limitations has not expired "regarding any of the legal theories" identified in his Complaint. (Response 3). L&M in its Reply argues that Plaintiff's FDCPA claim should be dismissed because it is time-barred. (Reply 2). Although L&M does not address the statute of limitations issue in its initial motion, Plaintiff raises the issue in his Response; therefore the court will consider L&M's Reply.

The FDCPA requires that claims be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692(k)(d). Although the Seventh Circuit has not decided when the FDCPA's statute of limitations begins to run where the violation arises out of a collection lawsuit, the Northern District of Illinois adopts the rulings of the Ninth and Tenth Circuits in determining that the clock starts when the allegedly wrongful litigation begins. *Judy v. Blatt, Hasenmiller, Liebsker and Moore LLC*, No. 09 C 1226, 2010 WL 431484, at *3 (N.D.Ill. Jan. 29, 2010) (citing *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), and *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002)). Of course, these holdings are only persuasive authority; however, the court agrees and adopts the holding of the Northern District of Illinois.

While the date the collection action was filed is unclear, the letter sent by L&M to New Unity, dated January 8, 2009, contained the Order to Answer Interrogatories that was filed on January 30, 2009, and referenced the amount allegedly owed by Plaintiff as well as legal proceedings filed in Marion Superior Court. (Complaint ¶ 12). In fact, a Judgment was issued against Plaintiff in those proceedings on June 9, 2008, which prompted the letter to New Unity seeking garnishment and the filing of the Order to Answer Interrogatories. (Defendant's Exs. B-C). Clearly, the legal proceedings leading to the Judgment were filed prior to its issue on June 8, 2008; therefore, if the beginning of the wrongful litigation is considered to be the file date of those proceedings, the filing of the Complaint in this case on February 22, 2010, falls outside the one-year statute of limitations. (Defendant's Exs. B-C). Even if the court considers the file date of the Order

to Answer Interrogatories on January 30, 2009, to be the trigger, the Complaint in this case still was filed more than a year later; therefore, Plaintiff's FDCPA is time-barred.

B. **Remaining Claims**

L&M contends that although Plaintiff's Complaint names L&M as a defendant, "he fails to allege any wrongdoing on its part or to request any relief from Lloyd & McDaniel." (Motion 1). In fact, L&M is not mentioned in any of the Complaint's five claims for relief or in the Prayer for Relief. (Complaint 7-8, ¶¶ 18-37). Plaintiff asserts that his failure to include L&M in the legal theory and relief sections was a typographical error; however, the factual references in the Complaint to L&M's conduct as it relates to Plaintiff is sufficient to put L&M "on notice of legal proceedings against Lloyd & McDaniel." (Response 2-3).

Contrary to Plaintiff's assertion, he must do more than simply put L&M on notice of "legal proceedings" against it. Even if the facts infer the possibility of misconduct, the Complaint, without mentioning L&M in the claims for relief, merely alleges that Plaintiff is entitled to relief and does not give L&M fair notice of what the claim is and the grounds upon which it rests. *See Iqbal*, 129 S.Ct., at 1950; *Concentra Health Servs.*, 496 F.3d at 776. By Plaintiff's own admission, several factual references to misconduct by L&M are related to the previously discussed FDCPA claim. (Response 2). While L&M claims that Plaintiff only intended to assert a claim against L&M under the FDCPA, additional allegations suggest Plaintiff's attempt to assert violations of the FCRA. For example, Plaintiff alleges that L&M reported negative information to credit reporting

7

agencies that has adversely affected his credit rating and his ability to purchase goods and services on credit. (Complaint ¶ 17). Still, Plaintiff's attempt to allege wrongdoing fails, because simply reporting negative information is not necessarily a violation of the FCRA. *See* 15 U.S.C. § 1681(s-2) (furnishers of information to a consumer reporting agency have a duty to provide accurate information). Finally, no factual references to L&M lead to an inference of misconduct with regard to Plaintiff's common law claims. Because Plaintiff fails to give L&M fair notice of what the claims are and the grounds upon which they rest, the remaining claims for violations of the FCRA, breach of contract, breach of the covenant of good faith, and negligence must be dismissed.

Additionally, even if Plaintiff's Complaint is taken to claim that L&M provided inaccurate information to a consumer reporting agency in violation of § 1681s-2(a) of the FCRA, Plaintiff cannot sue L&M under that provision. "Section 1681s-2(c) specifically exempts violations of § 1681s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section." *Lang v. TCF Nat'l Bank, et. al.*, 338 Fed.Appx. 541, 544 (7th Cir. 2009) (citations omitted). Thus, even if Plaintiff amended his Complaint and asserted that L&M reported inaccurate information to credit reporting agencies in violation of FCRA § 1681s-2(a), he has no private right of action under this provision of the statute. Accordingly, any claim by Plaintiff pursuant to § 1681s-2(a) fails. If Plaintiff intended to allege a violation of a provision of the FCRA that does allow for a private right of action, he may amend his Complaint and specify the provision L&M allegedly violated and the conduct that led to the violation.

As this is the first Complaint filed by the Plaintiff, and Defendants make no compelling arguments as to why dismissal with prejudice is appropriate for the remaining claims, the court sees no reason to bar Plaintiff from filing a new complaint that states a valid claim for relief.

## V. Conclusion

Based on the foregoing reasons, Defendant's Motion to Dismiss Complaint as to Defendant Lloyd & McDaniel (Docket # 11) is **GRANTED with PREJUDICE** as to Plaintiff's FDCPA claim, and **GRANTED without PREJUDICE** as to Plaintiff's FCRA and common law claims. If Plaintiff wishes to amend his Complaint, he must do so within **30 DAYS** from the date of this entry.

**SO ORDERED** this 4th day of November 2010.

                                        RICHARD L. YOUNG, CHIEF JUDGE
                                        United States District Court
                                        Southern District of Indiana

Electronic Copies To:

Carl Anthony Greci
BAKER & DANIELS
carl.greci@bakerd.com

D. Lucetta Pope
BAKER & DANIELS-SOUTH BEND
lucetta.pope@bakerd.com

Bobby Allen Potters
POTTERS LAW FIRM
bpotters@aol.com

Gregory L. Taylor
LLOYD & MCDANIEL PLC
gtaylor@lloydmc.com