UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

VICTOR WOODS, individually and on )
behalf of all others similarly situated, )
      Plaintiff, )
)     1:10-cv-00219-RLY-TAB
  vs. )
)
WELLS FARGO FINANCIAL BANK, a )
South Dakota State Chartered Bank, and )
LLOYD & McDANIEL, the Creditors Law
Firm,
      Defendants.

**ENTRY ON DEFENDANT WELLS FARGO FINANCIAL BANK'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEMAND FOR JURY TRIAL**

On February 22, 2010, Plaintiff, Victor Woods ("Plaintiff"), filed a Complaint against Defendants, Wells Fargo Financial Bank ("Wells Fargo") and Lloyd & McDaniel ("L&M"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*., ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*., ("FCRA"). Plaintiff also asserts common law claims of breach of contract, breach of the covenant of good faith, and negligence. On April 29, 2010, Wells Fargo filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state any claim for relief with regard to the federal claims. Wells Fargo also asserts that res judicata prevents Plaintiff from bringing his common law claims in federal court. In his Response, Plaintiff moves for leave to amend his Complaint. For the reasons set forth

1

below, Defendant's motion is **GRANTED with PREJUDICE** as to Plaintiff's common law and FDCPA claims, and **GRANTED without PREJUDICE** as to Plaintiff's FCRA claim.

I.   Background

At all times relevant to this action, Plaintiff was the pastor at New Unity Missionary Baptist Church ("New Unity") in Indianapolis, Indiana. (Complaint ¶ 5). On October 5, 2006, Plaintiff contracted with Wells Fargo as the principal party for a $2,500 loan on behalf of a church member, Tehrena Peoples ("Peoples"), who co-signed the loan and was responsible for its repayment. (Complaint ¶ 8; Defendant's Motion to Dismiss ("Motion") Ex. A, at 5)[1]. Sometime before January 31, 2007, Peoples stopped attending New Unity and has had no contact with Plaintiff since that time. (Complaint ¶ 9).

On or about January 31, 2007, Peoples obtained from Wells Fargo an additional $2,500 loan, which was neither signed for nor authorized by Plaintiff. (*Id.* ¶ 10). Plaintiff had no knowledge of the additional loan and received no communication from Wells Fargo or Peoples regarding this loan until a representative from Wells Fargo called Plaintiff on or about February 2, 2007. (*Id.* ¶¶ 10-11). During the telephone call, the Wells Fargo loan officer informed Plaintiff of late payments on the initial loan and "that 'additional monies had been loaned to Peoples.'" (*Id.* ¶ 11). Plaintiff told the loan officer

---

[1]Because Wells Fargo submits multiple exhibits labeled "A" and "B," the exhibits are distinguished by including a reference to either the Motion to Dismiss or the Reply to which the exhibit is attached.

that he was not responsible for any additional loans to Peoples. (*Id.*). Wells Fargo had no further contact with Plaintiff. (*Id.*).

In a letter sent to New Unity and dated January 8, 2009, L&M informed the church of a court order and garnishment being sought against Plaintiff for $8,887.50 he owed Wells Fargo, referencing legal proceedings filed in Marion Superior Court. (*Id.* ¶ 12). Attached was an order to answer interrogatories and notice of hearing, filed on January 30, 2009, ordering New Unity to answer the interrogatories within thirty days. (Complaint ¶ 12; Motion Ex. C, at 2). Plaintiff then called L&M and spoke with Julie Bailey, who informed him that he was responsible for the loan and that there was a hearing in April. (Complaint ¶ 13). L&M sent another letter to New Unity dated May 19, 2009, seeking a garnishment of $9,126.94, with the same order to answer interrogatories and notice of hearing attached. (*Id.* ¶ 14).

Before receiving the letters from L&M dated January, 8, 2009, and May 19, 2009, Plaintiff did not receive any notices of court proceedings against him, demands for payment, documentation informing him of the amount of debt sought, notice of the intent to refer his debt to a collection agency, notice of any intent to seek legal action against him, or notice of any court proceedings filed against him by Wells Fargo or L&M. (*Id.* ¶¶ 15-16). Additionally, L&M and Wells Fargo reported negative information to a credit reporting agency, causing Plaintiff's credit rating to decline. (*Id.* ¶ 17). Due to his poor credit, Plaintiff was denied a loan to purchase a vehicle around October 2009. (*Id.*)

Regardless of Plaintiff's alleged lack of awareness of the legal proceedings filed

3

against him by Wells Fargo in state court prior to January 30, 2009, Wells Fargo filed an Amended Complaint against Plaintiff in Marion Superior Court on April 21, 2008, claiming Plaintiff was indebted to Wells Fargo pursuant to the loan agreement he signed in 2006. (Motion Ex. A). A Judgment in this action was entered against Plaintiff on June 8, 2008. (Motion Ex. B). Plaintiff's February 22, 2010, Motion to Set Aside Judgment was denied on March 24, 2010. (Motion Ex. C).

On February 22, 2010, Plaintiff filed a Complaint in the instant case, alleging claims against Wells Fargo under the FDCPA, FCRA, and common law breach of contract, breach of the covenant of good faith, and negligence. (Complaint ¶¶ 18-37). In response, Wells Fargo filed a Motion to Dismiss pursuant to Fed. Rule Civ. Pro. 12(b)(6), claiming that res judicata prevents Plaintiff from asserting his common law claims and that his federal claims fail to state any claim for relief. (Motion 1-2). Plaintiff moves to amend his Complaint if the court finds it deficient. (Plaintiff's Response ("Response") 5).

## II.     Extrinsic Materials

As an initial matter, Wells Fargo submits several exhibits for the court to consider, one of which refers to facts and evidence outside the pleadings. Documents that are referred to in a complaint, authentic, and central to a plaintiff's claim can be considered in a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)). Additionally, the district court may take

judicial notice of matters of public record, including public court documents filed in state court, without converting a 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Services, et. al.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). Here, Wells Fargo attached four documents to its Motion to Dismiss. (Motion Exs. A-D). The court may consider each of these documents, because they are public court records. *See Henson*, 29 F.3d, at 284.

Wells Fargo also attached two public court documents to its Reply Brief; however, the court will only consider Defendant's Reply ("Reply") Ex. A. Although Reply Ex. A is not referenced in Wells Fargo's original Motion to Dismiss, the "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and 'to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion.'" *Lady Di's Inc., v. Enhanced Services Billing, Inc.*, 2010 WL 1258052, at *2 (S.D.Ind. Mar. 25, 2010) (quoting *Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D.Tex. May 27, 2005)). The court may consider Ex. A attached to Wells Fargo's Reply, because it does not go beyond the pleadings or the arguments set forth in Plaintiff's Response. *See Lady Di's Inc.*, 2010 WL 1258052, at *2. With its Reply, Wells Fargo submitted as Ex. A Plaintiff's Motion to Set Aside Judgment filed in state court, which was not mentioned in Wells Fargo's original Motion to Dismiss; however, Plaintiff discussed the content of the Motion to Set Aside Judgment in his Response Brief and attached affidavit. (Response 3; Plaintiff's Ex. A, ¶ 4). Thus, Wells Fargo simply responded to Plaintiff's arguments by including the actual contents of the

motion, and the court will consider Ex. A. *See Lady Di's, Inc.*, 2010 WL 1250852, at *2 (citing *Eagle Corp. v. H2O Industrial Services, Inc.*, 2005 WL 1429279, at *1 (N.D.Ind. June 8, 2005)). The court will not consider Reply Ex. B, because Plaintiff did not rely on its contents in the Complaint or in Response.

### III. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). The language of Rule 12(b)(6) "impose[s] two easy-to-clear hurdles. First, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, plaintiff pleads itself out of court." *Id.* (citations omitted). If the court cannot infer more than the mere possibility of misconduct from the well-pleaded facts, the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citing Fed. R. Civ. Pro. 8(2)). In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). Accordingly, the facts outlined above are accepted as Plaintiff alleges

6

them.

## IV. Discussion

### A. Common Law Claims

Wells Fargo contends that res judicata bars Plaintiff's common law claims, because those claims arise from the same transaction as Wells Fargo's claims against Plaintiff in an earlier state court action. Under certain circumstances, res judicata can justify the dismissal of a complaint for failure to state a claim. *Benjamin v. Larue*, 2009 WL 1357230, at *1 (S.D.Ind. May 11, 2009) (citing *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1991)). For instance, res judicata acts to prevent any conflict between final decisions of state and federal courts. *Lumen Const. Inc. v. Brant Const. Co.*, 780 F.2d 691, 696 (7th Cir. 1985). In determining whether res judicata applies, federal courts apply the preclusion law of the state that rendered the judgment. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007) (citations omitted). Thus, Indiana law governs whether Plaintiff's claims in this action are precluded by the judgment rendered in Indiana state court in a prior action between Wells Fargo and Plaintiff.

Under Indiana law, a state court judgment precludes all claims that were litigated or could have been litigated in that action if the following four requirements are met: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was rendered on the merits; (3) 'the matter now in issue was, or could have been, determined in the prior action;' and (4) the prior judgment was rendered in a suit

between the parties to the new lawsuit or parties in privity with them." *Benjamin*, 2009 WL 1357230, at *2 (quoting *Small v. Centocor, Inc.*, 731 N.E.2d 22, 26 (Ind.App. 2000)). Plaintiff does not dispute the first two requirements; therefore, the court will limit its discussion to the third and fourth requirements.

Wells Fargo asserts that the common law claims brought by Plaintiff in his Complaint should have been raised as compulsory counterclaims in the prior state court action against him; thus, the matter in issue could have been determined in the prior action in satisfaction of the third requirement. On the other hand, Plaintiff contends he had no opportunity to litigate the common law claims in the prior action, because he had not been served with a Summons or Complaint, and that this was the basis for his motion to set aside judgment in the previous action. Under Indiana Trial Rule 13(A), "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." If such a claim is not asserted in the initial action and "it arose out of the same transaction or occurrence which is the subject of the initial claim," the claim is barred. *Reddick v. Carfield*, 656 N.E.2d 518, 522 (Ind.App.1995). "[T]wo causes of action arise from the same transaction or occurrence when there is a logical relationship between them," which is shown when the counterclaim arises from the same set of operative facts as the opposing party's claim. *Id.* (citations omitted). Therefore, the court must determine

8

whether Plaintiff's common law claims arose out of the same transaction or occurrence which was the subject matter of Wells Fargo's previous action for satisfaction of a debt owed by Plaintiff.

In his Motion to Set Aside Judgment filed in state court, Plaintiff admits that "[t]he underlying facts of the federal complaint also involve the proceeding currently pending before this honorable Court relative to the basis for the garnishment sought against [Plaintiff]." (Reply Ex. A, at 2). Additionally, the Amended Complaint in the state court action seeks satisfaction of a debt allegedly owed by Plaintiff to Wells Fargo pursuant to the same loan agreement at issue in Plaintiff's Complaint in this action. (Complaint ¶ 8; Motion Ex. A, at 5-9). Because Plaintiff's common law claims before this court arise from the same operative facts as Wells Fargo's claims against him in the prior state court action, the claims are part of the same transaction or occurrence and were compulsory counterclaims to the state court action.

Although Plaintiff claims in his state court Motion to Set Aside Judgment that he "did not receive any notice of any court proceedings involving the collection of a debt from [Wells Fargo]," and uses this as a basis for his argument that he did not have the opportunity to litigate his claims in state court, the state court denied his motion. (Reply Ex. A, at 2; Motion at 3; Motion Ex. C, at 2). Even if this is read as a claim that the court lacked personal jurisdiction over Plaintiff as he alleges, "[r]es judicata applies to questions of jurisdiction, if jurisdiction is litigated or determined by the court." *Orlando Residence, Ltd. v. GP Credit Co., LLC*, 553 F.3d 550, 557 (7th Cir. 2009). Jurisdiction

9

was determined by the state court in its judgment against Plaintiff and affirmed by its denial of Plaintiff's Motion to Set Aside Judgment; therefore, res judicata applies. Plaintiff had the opportunity to litigate these compulsory counterclaims in the prior state court action. Because the common law claims now at issue could have been determined in the prior state court action, the third requirement is satisfied.

To satisfy the fourth requirement, the parties in the instant case, Plaintiff and Wells Fargo, must be the same parties, or be in privity with the parties, involved in the prior judgment. *See Benjamin*, 2009 WL 1357230, at *2. The complaint in the state court action was filed by Wells Fargo against Plaintiff. (Motion Ex. A). A judgment in this action was rendered against Plaintiff. (Motion Ex. B). Plaintiff filed a motion to set aside this judgment, which was ultimately denied. (Reply Ex. A; Motion Ex. C). Clearly, the same parties are involved in both the state and federal actions.

Plaintiff contends that the fourth requirement is not satisfied, because he was not a party to the state court action. (Response 3). He claims the state court never assumed personal jurisdiction over him due to improper service of the summons and complaint. (*Id.*). As previously discussed, even though Plaintiff argued in the motion to set aside judgment in state court that he did not receive notice of any state court proceedings from Wells Fargo, the state court still denied the motion. (Reply Ex. A; Motion Ex. C). If Plaintiff believes that the state court failed to exercise personal jurisdiction over him, the appropriate response is an appeal of the judgment rendered against him within the state court system, not a collateral attack on the state court judgment in federal court. *See*

10

*Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) ("A state litigant seeking review of a state court judgment must follow the appellate process through the state court system...") (citations omitted). According to the state court records, Plaintiff and Wells Fargo were parties to the prior action; therefore, the fourth requirement is satisfied.

Because all four of the requirements are met, the state court judgment against Plaintiff precludes his common law claims in this action, which could have been litigated in the prior state court action.

### B. FDCPA Claim

Wells Fargo claims that Plaintiff's FDCPA claim should be dismissed, because Wells Fargo is not a debt collector as defined by the FDCPA. Morever, Wells Fargo asserts that even if Wells Fargo qualifies as a debt collector, Plaintiff's allegations are merely bare legal conclusions and do not suggest any violations of the statute. Surprisingly, Plaintiff failed to respond to Wells Fargo's assertion that it is not a "debt collector" under the FDCPA, but insists his allegations that Wells Fargo failed to provide him with notice of any court proceedings against him prior to the garnishment proceeding, demands for payment, documentation regarding the amount owed, or notice of intent to refer the debt to a collection agency, constitute wrongdoing under the FDCPA.

Under the FDCPA, the term "debt collector" is subject to several exceptions. Notably, a "debt collector" is not a "person collecting or attempting to collect any debt

owed or due or asserted to be owed or due another to the extent such activity...concerns a debt which was originated by such person" or "concerns a debt which was not in default at the time it was obtained by such person . . . ."  15 U.S.C. 1692(a)(6)(F).  A creditor, on the other hand, is a "person who offers or extends credit creating a debt or to whom a debt is owed . . . ."  15 U.S.C. 1691(a)(4).  The FDCPA governs debt collectors, not creditors.  *Wilkinson v. Wells Fargo Bank Minnesota*, 2007 WL 1414888, *4 (E.D.Wis. May 9, 2007) (citing *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *Aubert v. Amer. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)).  A bank creditor seeking to collect on a debt does not become a "debt collector" for purposes of the FDCPA.  *See Wilkinson v. Wells Fargo Bank Minnesota*, 268 Fed.Appx. 476, 477 (7th Cir. 2008).

Wells Fargo is a bank creditor that was seeking collection on a debt owed to it.  The debt originated with Wells Fargo's extension of a $2,500 loan for which Plaintiff co-signed.  (Complaint ¶ 8).  In attempting to collect on the loan, Wells Fargo sought to collect its own debt, which was clearly not in default at the time Wells Fargo extended it.  (Complaint ¶ 11; Motion Exs. A-B).  Accordingly, Wells Fargo is not a debt collector under the FDCPA, and Plaintiff's FDCPA claim must be dismissed.

### C. FCRA Claim

Finally, Wells Fargo contends that Plaintiff does not allege any violations of the FCRA; however, even if the Complaint is taken to allege inaccurate reporting of information by Wells Fargo to a credit reporting agency in violation of FCRA § 1681s-2(a), the 2003 amendments to the FCRA preempt a private cause of action.  Once again,

Plaintiff fails to respond to Wells Fargo's assertion that such actions are exempt from private civil liability and continues to assert that his Complaint alleges wrongful conduct by Wells Fargo under the FCRA.

First, Plaintiff's FCRA claims fails, because he does not suggest any violation of the statute by Wells Fargo. In his Complaint and again in his Response, Plaintiff merely claims that Wells Fargo reported negative information to a credit reporting agency that has adversely affected his credit rating, resulting in the denial of a loan to Plaintiff. (Complaint ¶ 17; Response 5). Reporting negative information to a consumer reporting agency alone does not violate the FCRA; rather, a violation requires reporting inaccurate information. 15 U.S.C. § 1681s-2(a). Nowhere in the Complaint does Plaintiff allege that Wells Fargo supplied inaccurate information to a consumer reporting agency; therefore, Plaintiff fails to allege a violation under the FCRA.

Additionally, Wells Fargo is correct in its assertion that even if Plaintiff claims that Wells Fargo provided inaccurate information to a consumer reporting agency, Plaintiff cannot sue Wells Fargo under § 1681s-2(a). "Section 1681s-2(c) specifically exempts violations of § 1681s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section." *Lang v. TCF Nat'l Bank, et. al.*, 338 Fed.Appx. 541, 544 (7th Cir. 2009) (citations omitted). Thus, even if Plaintiff amended his Complaint and asserted that Wells Fargo reported inaccurate information to credit reporting agencies in violation of FCRA § 1681s-2(a), he has no private right of action under this provision of the statute. Accordingly, any claim by Plaintiff pursuant to §

1681s-2(a) fails. If Plaintiff intended to allege a violation of a provision of the FCRA that does allow for a private right of action, he may amend his Complaint and specify the provision Wells Fargo allegedly violated and the conduct that led to the violation.

## V.     Conclusion

Based on the foregoing reasons, Defendant's Motion to Dismiss as to Defendant Wells Fargo (Docket # 13) is **GRANTED with PREJUDICE** as to Plaintiff's common law claims and FDCPA claim, and **GRANTED without PREJUDICE** as to Plaintiff's FCRA claim. If Plaintiff wishes to amend his Complaint, he must do so within **30 DAYS** from the date of this entry.

**SO ORDERED** this 4th day of November 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Carl Anthony Greci
BAKER & DANIELS
carl.greci@bakerd.com

D. Lucetta Pope
BAKER & DANIELS-SOUTH BEND
lucetta.pope@bakerd.com

Bobby Allen Potters
POTTERS LAW FIRM
bpotters@aol.com

Gregory L. Taylor
LLOYD & MCDANIEL PLC
gtaylor@lloydmc.com